UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID C. LETTIERI,<br><br>       Plaintiff,<br><br>  -against-<br><br>U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT,<br><br>       Defendant. | 24-CV-02446 (LTS)<br><br>AMENDED ORDER TO SHOW<br>CAUSE UNDER 28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently held in the Niagara County Jail, filed this *pro se* civil rights complaint and an application for leave to proceed *in forma pauperis* ("IFP"). The complaint names as Defendant the United States Immigration and Customs Enforcement ("ICE"). The Court directs Plaintiff to show cause by declaration why the Court should not deny his IFP application under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's "three-strikes provision," and dismiss this action without prejudice.

## PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act ("PLRA") added the following three-strikes provision to the IFP statute:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The Court finds that Plaintiff has accumulated at least three strikes under the PLRA, and he is therefore barred under Section 1915(g) from filing any federal civil actions IFP as a

prisoner.[1] *See Lettieri v. Daniels*, No. 23-CV-487 (W.D.N.Y. Mar. 8, 2024) (dismissing complaint for failure to state a claim), *appeal pending* (2d Cir.);[2] *Lettieri v. Fed. Marshals*, No. 23-CV-2202, 2023 WL 8281658, at *2 (N.D. Ohio Nov. 30, 2023) (dismissing complaint for failure to state a claim), No. 24-3010 (6th Cir. June 20, 2024) (denying Plaintiff leave to proceed IFP and granting him 30 days to pay the filing fee); *Lettieri v. Fed. Marshals*, No. 23-CV-1872 (N.D. Ohio Nov. 30, 2023) (dismissing complaint for failure to state a claim), No. 23-4029 (6th Cir. Mar. 22, 2024) (dismissing appeal for failure to pay filing fee); *Lettieri v. NE Ohio Corr. Ctr.*, No. 23-CV-1690 (N.D. Ohio Nov. 22, 2023) (dismissing complaint for failure to state a claim), No. 23-4023 (6th Cir. June 20, 2024) (denying leave to proceed IFP on appeal because "[t]here is no non-frivolous argument that the district court erred in dismissing Lettieri's complaint for failure to state a claim."); *Lettieri v. Vilardo*, No. 23-CV-6498 (W.D.N.Y. Sept. 21, 2023) (dismissing complaint on grounds of absolute judicial immunity),[3] *appeal pending* (2d Cir.);

---

[1] "According to a search on PACER, the federal courts' electronic records system, Lettieri is the named plaintiff in over 120 lawsuits commenced since March 2023." *Lettieri v. Centric Store*, No. 24-CV-606, 2024 WL 3225978, at *2 (E.D. Mo. June 27, 2024). Other jurisdictions have determined that Plaintiff has accumulated three strikes, and is barred from proceeding IFP under Section 1915(g). *See, e.g.*, *Centric Store,* 2024 WL 3225978, at *3, No. 24-2408 (6th Cir. (noting that Plaintiff "has three 'strikes'" and directing him to either pay the fee by August 8, 2024, or "file a pleading . . . explaining why [he] is eligible to proceed without pre-payment of the fee."); *Lettieri v. Allegany Cty Jail*, No. 24-CV-21114 (S.D. Fl. Mar. 26, 2024); *In re: David C. Lettieri*, No. 23-MC-32 (W.D.N.Y. Jan. 19, 2024); *Lettieri v. Northeast Ohio Corr. Ctr.*, No. 24-CV-00032, 2024 WL 107749, at *1 (N.D. Ohio Jan. 10, 2024), *appeal pending* (6th Cir.); *Lettieri v. Broome Cty. Humane Soc'y*, No. 23-CV-07777, 2023 WL 7017081, at *3 (E.D.N.Y., Oct. 25, 2023), *appeal pending*, No. 24-1874 (2d Cir.).

[2] Cases dismissed on Section 1915(g) grounds qualify as strikes even if the appeals of those strikes were pending at the time of filing of the present action. *See Coleman v. Tollefson*, 575 U.S. 532, 537 (2015) (holding that courts must count a dismissal as a strike even though the appeal of the strike is pending).

[3] The Second Circuit has held that a dismissal based on absolute judicial immunity is frivolous, which is an enumerated strike ground. *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is frivolous for purposes of Section 1915(g).")

*Lettieri v. Auricchio*, No. 23-CV-875 (W.D.N.Y. Oct. 11, 2023) (dismissed for failure to state a claim).[4]

Because Plaintiff is barred under Section 1915(g), he must pay the fees to bring this action, unless he was "under imminent danger of serious physical injury" at the time that he filed the present complaint. Plaintiff does not allege any facts suggesting that he was under imminent danger of serious physical injury at the time of filing.[5] Instead, Plaintiff filed this complaint against ICE because that agency allegedly failed to respond to a request that he filed under the Freedom of Information Act. (ECF 1.)

## NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing that, while he has been a prisoner, he has not filed three or more federal civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff must submit this declaration within thirty days. If Plaintiff does not make this showing, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss the

---

[4] The Court vacated its April 15, 2024 order to show cause because it referenced three frivolous appeals stemming from the denial of *habeas corpus* petitions. *See Jones v. Smith,* 720 F.3d 142 (2d Cir. 2013) (holding that dismissals of appeals from *habeas corpus* proceedings do not constitute strikes).

[5] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009), rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

action without prejudice, and recognized him as barred, under Section 1915(g),from filing future federal civil actions IFP while he is a prisoner.[6]

## CONCLUSION

The Court directs Plaintiff to show cause by declaration why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g), and dismiss this action without prejudice. Plaintiff must file a declaration within thirty days explaining any reason why he should is not barred under the PLRA. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss this action without prejudice, and recognized him as barred, as of the date of this order, under Section 1915(g)from filing future federal civil actions IFP while he is a prisoner.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 6, 2024
        New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[6] Plaintiff is not barred from filing a new federal civil action while he is a prisoner by prepaying the fees to bring such an action.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

-against-                                    Case No. _____ CV _____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)

_____

Name

_____

Address

| | | |
|---|---|---|
| City | State | Zip Code |

_____

Telephone Number (if available)

_____

Signature

_____

Prison Identification # (if incarcerated)

_____

E-mail Address (if available)