UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID C. LETTIERI,

                 Plaintiff,

        -against-

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

                 Defendant.

24-CV-2446 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

On March 20, 2024, Plaintiff, who is incarcerated, filed this *pro se* action with a request to proceed *in forma pauperis* ("IFP").[1] By order dated October 30, 2024, after giving Plaintiff notice and an opportunity to be heard, the Court held that: (1) he is barred under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from filing any new federal civil action IFP while he is a prisoner, unless he alleges that he is under imminent danger of serious physical injury;[2] and (2) this action, brought against United States Immigration and Customs Enforcement, did not contain facts showing that he was under imminent threat of serious physical injury. (ECF 9.)

Plaintiff has moved for reconsideration of the October 30, 2024 order, challenging the determination that he is barred under Section 1915(g), and alleging a due process violation. (ECF 10.)

---

[1] A prisoner's submission is deemed filed on the date he gives it to prison officials for mailing to the court. *See, e.g., Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing prison-mailbox rule).

[2] *See Lettieri v. Harrington*, No. 25-CV-2217, 2025 WL 1530650, at *1 (E.D.N.Y. May 29, 2025) (noting that "a review of the Public Access to Court Electronic Records, a national database of cases filed in the federal courts, reveals that Plaintiff has filed around 150 civil cases in multiple courts across the country.")

The Court liberally construes this motion as one to alter or amend judgment brought under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), for reconsideration under Local Civil Rule 6.3, and for relief from a judgment or order brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). The Court denies Plaintiff's motion for the reasons set forth below.

## DISCUSSION

A.      Rule 59(e) and Local Civil Rule 6.3.

A party who moves to alter or amend a judgment under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The standards governing motions under Rule 59(e) and Local Civil Rule 6.2 are the same. *Id.* (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to [the moving party] to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted)).

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court gave Plaintiff notice and an opportunity to challenge the October 30, 2024 order before issuing it. In addition, the United States Court of Appeals for the Second Circuit affirmed another federal district court's determination that Plaintiff is barred under Section 1915(g). *See Lettieri v. Vestal Police*, No. 3:24-CV-198, 2024 WL 1616330 (N.D.N.Y. Apr. 15, 2024) (adopting report and recommendation and holding that Plaintiff is barred under Section 1915(g)), arising from three actions that were dismissed in 2023), *aff'd*, No. 24-1080, 2024 WL 5667996, at *1 (2d Cir. Sept. 19, 2024) (holding that Plaintiff "is ineligible for IFP status on appeal on the basis of the same 'three strikes' bar identified by the district court.").[3]

The Court therefore denies Plaintiff's motion for relief under Rule 59(e) and Local Civil Rule 6.3.

**B.      Rule 60(b)**

Under Rule 60(b), a party may seek relief from a federal district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

---

[3] In addition, the Second Circuit has imposed its own filing injunction against Plaintiff. *See Lettieri v. ICE.* No. 24-3266 (2d Cir. Mar. 31, 2025) (noting that in "July 2024, this Court entered a leave-to-file sanction against" Plaintiff, and denying him leave to appeal).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. To the extent that Plaintiff also seeks relief under Rule 60(b)(1) through (5), his motion is also denied.

Inasmuch as Plaintiff seeks relief under Rule 60(b)(6), the motion is further denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion (ECF 10) seeking reconsideration of the bar order is denied, and the Clerk of Court is directed to terminate it. (ECF 10.)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 4, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge